KILPATRICK TOWNSEND & STOCKTON, LLP
Heather W. Habes (SBN 281452)
9720 Wilshire Boulevard PH
Beverly Hills, CA 90212
Telephone: (310) 777-3757
Facsimile:  (310) 388-5530
HHabes@KilpatrickTownsend.com

Attorneys for Defendant, AT&T, CORP.,

## UNITED STATES DISTRICT COURT

## EASTER DISTRICT OF CALIFORNIA, BAKERSFIELD DIVISION

| | |
|---|---|
| ALICIA FIGUEROA,<br><br>             Plaintiff,<br><br>   vs.<br><br>AT&T, CORP., and DOES 1 through 10,<br><br>             Defendants. | **CASE NO.:**<br><br>**DEFENDANT AT&T CORP.'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant AT&T Corp. ("Defendant") hereby removes this action from the Superior Court of Kern County, California, the court in which the case was originally filed, to the United States District Court for the Eastern District of California, Bakersfield Division.

In support of this Notice of Removal, Defendant states as follows:

### GROUNDS FOR REMOVAL

This Court has original jurisdiction over this action under 28 U.S.C. § 1332, on the basis of diversity.  This action may be removed by Defendant, pursuant to 28 U.S.C. 1441, because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

On July 11, 2017, Plaintiff Alicia Figueroa ("Plaintiff") filed this action in the Superior Court of Kern County, California, Case No. BCV1 7-101575 (the "State Court Action").  On July 14, 2017, Plaintiff served Defendant with the "*COMPLAINT for Violation of the Rosenthal Fair Debt Collection Practices Act and Violation of California Civil Code § 1798.92, et seq.*" and summons in that action.  A true and correct copy of the papers, process, pleadings, and orders served upon Defendant in this action is attached to the Declaration of Heather W. Habes ("Habes Decl.") as "Exhibit A."

In accordance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a), Defendant timely files this Notice of Removal within 30 days of Plaintiff's service of process upon Defendant.

## DIVERSITY JURISDICTION

This action may be removed by Defendant, pursuant to 28 U.S.C. 1441, because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332.

### A. Amount in Controversy

The amount in controversy necessary to establish jurisdiction under 28 U.S.C. §1332 is satisfied.  Although Plaintiff does not assert a specific total monetary value for her damages, she alleges entitlement to statutory damages, actual damages, equitable relief, and statutory attorneys' fees exceeding $75,000 in value.  (Complaint, attached as Exhibit A to Habes Decl. ("Compl.") ¶¶ 15 & 21.)

Plaintiff seeks is $30,000 in statutory damages for Defendant's alleged violation of California Civil Code § 1798.92, (Compl. ¶ 21), and $1,000 in statutory damages for Defendant's alleged violation of the California Rosenthal Fair Debt Collection Practices Act ("CRFDCPA"), Cal. Civ. Code § 1788, *et seq.*, (*id.* ¶ 21.)

Plaintiff's actual damages alleged in her Complaint include damages for her past and future "personal humiliation, embarrassment, mental anguish and emotional distress." (*Id.* ¶ 15.)  While the Complaint is silent regarding the monetary value of

Plaintiff's alleged emotional distress damages, such damages are properly included in determining the amount in controversy.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002).  The value of emotional distress damages can be demonstrated for amount in controversy purposes by citation to analogous cases quantifying the value of similar damages claims.  *See id.* at 1034.  Jury awards for emotional distress damages in cases similar to this case exceed $75,000.  For example, in *Nelson v. Equifax Info. Servs., LLC*, the court upheld a jury award of $85,000 in emotional distress damages for violation of the CRFDCPA.  522 F. Supp. 2d 1222, 1239 (C.D. Cal. 2007).  Similar to the instant case, the plaintiff in *Nelson* claimed that a debt collector sought to collect a $187.00 debt that was not actually owed by the plaintiff and reported the erroneous past due debt to credit reporting agencies despite the plaintiff's notification to the debt collector that the debt was erroneous.  *See id.* at 1229; *see also* (Compl. ¶¶ 6-12; 15-16.)  Also like this case, the plaintiff in *Nelson* did not allege any underlying physical injury and, instead, alleged only emotional distress symptoms.  *See Nelson*, 522 F. Supp. 2d 1222, 1239.  Accordingly, *Nelson* demonstrates that the value of Plaintiff's emotional distress damages here could exceed, either alone or with Plaintiff's other alleged damages, $75,000.  *See Simmons*, 209 F. Supp. 2d 1029, 1033-34 (holding that the defendant's citation to a jury award for emotional distress damages in a case similar but "not perfectly analogous" demonstrated that the case met the amount in controversy for diversity jurisdiction).

Plaintiff does not quantify the exact value of her claim for equitable relief.  But it is, at minimum, $5,651.62, the amount of the debt that, if Plaintiff is successful, Defendant will be enjoined from collecting from Plaintiff.  (Compl. ¶ 7.)

Finally, like her other damages claims, while Plaintiff does not provide a monetary value for her statutory attorney's fees claim, it is well-established that a "reasonable estimate" of the value of such claims is included in the amount in controversy calculation.  *See Brady v. Mercedes Benz-USA, Inc.*, 243 F. Supp. 2d 1004 (N.D. Cal. 2002).  Here, Plaintiff's attorney, Todd M. Friedman, has filed an

affidavit with supporting evidence with this Court in another case regarding his hourly rate and time expended in prosecuting claims under the CRFDCPA.  *See* *"AFFIDAVIT OF TODD M. FRIEDMAN IN SUPPORT OF MOTION TO ENTER DEFAULT JUDGMENT"* (the "Friedman Affidavit"), a true and correct copy of which is attached to the Habes Declaration as "Exhibit B."  In Mr. Friedman's Affidavit, he states that his hourly rate for the similar matter was $265.00.  In the case in which Mr. Friedman's Affidavit was filed, *Katzakian v. Check Resolution Service, Inc.*, No. 1:10–cv–00716 AWI GSA, 2010 WL 5200912 (E.D. Cal. Dec. 15, 2010), Mr. Friedman further stated that he had expended 11.5 hours in prosecuting the plaintiff's claims.  *See id.*  That case, however, was resolved through default judgment.  *See id.*  This case, in contrast, will be defended by Defendant, and the time spent through the time of judgment by Mr. Friedman will be far greater.  The amount in controversy includes not only attorneys' fees accrued at the time of removal, but a reasonable estimate of future attorney's fees through life of the case.  *See Brady*, 243 F. Supp. 2d at 1011.  For example, 100 hours is a conservative estimate of the time that this case will require of Plaintiff's attorney throughout the life of this case in participating in discovery, motion practice, and, possibly, trial.  At $265 per hour, a reasonable estimate of the amount in attorney's fees that Plaintiff seeks is at least $26,500.  *See Brady*, 243 F. Supp. 2d at 1011.

In aggregate, the established and reasonable estimates of the various types of damages Plaintiff seeks in this matter (including $31,000 in statutory damages, up to $85,000 in emotional distress damages, at least $5,651.62 in the value of injunctive relief, and $26,500 in statutory attorney's fees) far exceed $75,000.  Consequently, the amount in controversy is satisfied.

### B.   Citizenship of the Parties

Plaintiff is a citizen of the State of California. (Compl. ¶ 2.)

Defendant is a corporation organized under the laws of the State of New York with its principal place of business in the State of New Jersey.  Defendant, therefore,

is a citizen of the State of New York and the State of New Jersey.  *See* Habes Declaration, ¶ 4 at Exhibit C.

The citizenship of Defendant Does 1 to 10 is disregarded for removal purposes. *See* 28 U.S.C. §1441(b)(1).

Because Plaintiff and Defendant are citizens of different states, complete diversity exists.  *See, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

### VENUE

Pursuant to 28 U.S.C. § 1446(a), venue is proper in the United States District Court for the Eastern District of California, Bakersfield Division, because it is the district and division embracing the county where the State Court Action is pending. *See* 28 U.S.C. § 90.

### OTHER PROCEDURAL REQUIREMENTS

Promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through her attorney of record in the State Court Action, as well as to the Clerk of Court of the Superior Court of Kern County, California, as required by 28 U.S.C. § 1446(d).

Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants have joined in this removal.

**WHEREFORE**, Defendant requests that this case be removed from the Superior Court of Kern County, California, to the United States District Court for the Eastern District of California, Bakersfield Division.

DATED: August 14, 2017			KILPATRICK TOWNSEND & STOCKTON, LLP

							By: s/ Heather W. Habes
								Heather W. Habes
								Attorneys for Defendant,
								AT&T Corp.

## PROOF OF SERVICE

[C.C.P. §§ 1011 and 1013, C.R.C. § 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

I declare I am employed in the City of Atlanta, County of Fulton, Georgia in the office of a member of the bar of this court at whose direction this service was made. I am over the age of eighteen and not a party to this action. My business address is Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street, Suite 2800, Atlanta, GA 30309.

I served the following document entitled **DEFENDANT AT&T CORP.'S NOTICE OF REMOVAL** on the interested parties in this action as follows:

☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐ [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☒ [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above. Pursuant to the parties' agreement, service via e-mail constitutes and is the same as service via facsimile transmission.

I declare under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct, and that this declaration was executed on August 14, 2017, at Atlanta, Georgia.

*/s/ Monica L. Roberts*
Monica L. Roberts