KILPATRICK TOWNSEND & STOCKTON, LLP
Heather W. Habes (SBN 281452)
9720 Wilshire Boulevard PH
Beverly Hills, CA 90212
Telephone:  (310) 777-3757
Facsimile:  (310) 388-5530
HHabes@KilpatrickTownsend.com

Attorneys for Defendant, AT&T, CORP.,

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, BAKERSFIELD DIVISION

| | |
|---|---|
| ALICIA FIGUEROA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>AT&T CORP., and DOES 1 through 10,<br><br>                    Defendants. | CASE NO.:<br><br>**DECLARATION OF HEATHER W. HABES IN SUPPORT OF DEFENDANT AT&T CORP.'S NOTICE OF REMOVAL** |

I, HEATHER W. HABES, declare that:

1.      I am an attorney duly admitted to practice law in the State of California and in the United States District Court for the Eastern District of California.  I am an associate at Kilpatrick Townsend & Stockton LLP, counsel for Defendant AT&T Corp. in this action.  I submit this Declaration in support of Defendant's Notice of Removal.  I have personal knowledge of the facts set forth in this declaration, and if called as a witness, would and could competently testify thereto.

2.      Attached hereto as "Exhibit A" is a true and correct copy of all papers, process, pleadings, and orders served upon Defendant by Plaintiff Alicia Figueroa in

the Superior Court of California, County of Kern, captioned *Alicia Figueroa v. AT&T Corp., and Does 1 through 10*, Case No. BCV1 7-101575.

    3.    Attached hereto as "Exhibit B" is a true and correct copy of the *"AFFIDAVIT OF TODD M. FRIEDMAN IN SUPPORT OF MOTION TO ENTER DEFAULT JUDGMENT*," which was filed in a lawsuit adjudicated in this Court, captioned *Katzakian v. Check Resolution Service, Inc.*, No. 1:10–cv–00716 AWI.

    4.    Attached hereto as "Exhibit C" is a true and correct copy of the business entity detail for Defendant that I downloaded from the California Secretary of State website on August 10, 2017, *available at* https://businesssearch.sos.ca.gov/CBS/Detail.  Exhibit C shows that Defendant is a New York corporation with its principal place of business in New Jersey.

    I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this Declaration is executed on August 14, 2017 in Beverly Hills, California.


             /s/ Heather W. Habes         

                    HEATHER W. HABES

**DECLARATION OF HEATHER W. HABES IN SUPPORT OF DEFENDANT AT&T CORP.'S NOTICE OF REMOVAL**

# EXHIBIT

# A

7-14-17 @ 10:15 AM

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AT&T CORP.; DOES 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALICIA FIGUEROA,

---

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |
| **ELECTRONICALLY FILED** |
| **7/12/2017** |
| **Kern County Superior Court** |
| **Terry McNally** |
| **By Raquel Sanchez, Deputy** |

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: | **CASE NUMBER:** |
| --- | --- |
| *(El nombre y dirección de la corte es):* Metropolitan Division | *(Número del Caso):* |
| 1415 Truxton Ave | **BCV-17-101575** |
| Bakersfield, CA 93301 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

| DATE: | 7/12/2017 | TERRY MCNALLY | Clerk, by | /s/ Raquel Sanchez | , Deputy |
| --- | --- | --- | --- | --- | --- |
| *(Fecha)* | | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: **AT&T CORP.**

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 7-14-17

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
| --- | --- | --- |

American LegalNet, Inc.
www.FormsWorkflow.com

[SEAL]

**ELECTRONICALLY FILED**
7/11/2017 3:03:17 PM
**Kern County Superior Court**
**Terry McNally**
**By Raquel Sanchez, Deputy**

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### KERN COUNTY

|  |  |
|---|---|
| ALICIA FIGUEROA, | Case No.  BCV-17-101575 |
| Plaintiff, | **COMPLAINT** |
| vs. | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| AT&T CORP.; DOES 1-10 inclusive, | 2. California Civil Code § 1798.92, et seq |
| Defendant. | **JURY DEMANDED** |

## I. INTRODUCTION

1.       This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter, "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and California Civil Code §1798.92, *et seq.*

## II. PARTIES

2.       Plaintiff, ALICIA FIGUEROA ("Plaintiff"), is a natural person residing in Kern County in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

3.       At all relevant times herein, Defendant, AT&T CORP., ("Defendant"), is a telecommunications company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ.

Complaint - 1

Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

4.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

6.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.     On January 11, 2017, Plaintiff received a bill for $5,651.62 from Defendant, charging her for six cell phones opened in her name.  Plaintiff had no knowledge of and did not consent to any of these purchases.

8.     Upon receiving this bill, Plaintiff immediately contacted Defendant to dispute the charges, and Defendant claimed they would begin an investigation.

9.     On January 12, 2017, Plaintiff filed a fraud and identity theft report with the Bakersfield Police Department based on these fraudulent charges.

10.     On January 13, 2017, Plaintiff alerted Equifax, Transunion, and Experian to these fraudulent charges, and placed a fraud alert on her credit report.

11.    Despite Plaintiff vigorously disputing these charges to Defendant, the police, and the credit reporting agencies, Defendant has refused to remove these charges from Plaintiff's account. On March 22, 2017, Plaintiff received a letter from Defendant notifying her that she is still responsible for the erroneous and fraudulent charges. Defendant also threatened Plaintiff with further collection action if she continued to dispute the charges.

12.    Again, Plaintiff complained to Defendant, but her efforts were to no avail, and to this very day, Plaintiff, as an actual, direct, proximate, and probable consequence, lacking any and all superseding intervening explanation, of Defendant's conduct, feels harassed, anxious, annoyed, and oppressed.

13.    §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

14.    Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

      a)   Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. § 1692e(2)(A));

      b)   Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (15 U.S.C. § 1692f);

      c)   Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (15 U.S.C. § 1692f(1)); and

      d)   Collecting an amount from Plaintiff that is not permitted by law (15 U.S.C. § 1692f(1)).

15.    As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

16.     In addition, Defendant's continued illegal collection actions and continued reporting on Plaintiff's credit reports after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 *et seq.*

### COUNT I: VIOLATION OF ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT

17.     Plaintiff reincorporates by reference all of the preceding paragraphs.

18.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### COUNT II: VIOLATIONS OF CAL. CIV. CODE § 1798.92-1798.97

19.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

21.     As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

      A.    Actual damages;
      B.    Statutory damages for willful and negligent violations;
      C.    Costs and reasonable attorney's fees;
      D.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

22.     Pursuant to her rights under Article 1, Section 16 of the Constitution of the State of California, Plaintiff hereby demands a trial by jury on all issues so triable.


        Respectfully submitted this 11th day of July, 2017.

                        By:     _____
                                Todd M. Friedman, Esq.
                                Law Offices of Todd M. Friedman, P.C.
                                Attorney for Plaintiff

Complaint - 5

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 877-206-4741  FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, ALICIA FIGUEROA | **ELECTRONICALLY FILED**<br>7/11/2017 3:03:17 PM<br>Kern County Superior Court<br>Terry McNally<br>By Raquel Sanchez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern
STREET ADDRESS: 1415 Truxton Ave
MAILING ADDRESS: 1415 Truxton Ave
CITY AND ZIP CODE: Bakersfield 93301
BRANCH NAME: Metropolitan Division

CASE NAME:
ALICIA FIGUEROA v. AT&T CORP.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BCV-17-101575 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [✓] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 11, 2017
Todd M. Friedman
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**BAKERSFIELD COURT**
**1415 TRUXTUN AVENUE**
**BAKERSFIELD CA  93301**

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

JULY 12, 2017

TERRY MCNALLY, CLERK
BY *Raquel Sanchez* DEPUTY

PLAINTIFF/PETITIONER:
   ALICIA  FIGUEROA
DEFENDANT/RESPONDENT:
   AT&T CORP.

NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND
NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND
NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:

BCV-17-101575

By order of the presiding judge, the above entitled case is assigned to the Honorable Stephen D. Schuett for all purposes.  It will be managed on the direct calendar program in Bakersfield Department 4 until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6.  Please include the initials **SDS** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **October 25, 2017** in **Bakersfield Department 4** at **8:30 AM** in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110.  All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable Stephen D. Schuett on **January 08, 2018** at **8:15 AM** in **Bakersfield Department 10** of the above entitled court.  Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730.  All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

**NOTICE TO PLAINTIFF'S COUNSEL**
**IMPORTANT:  You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form  ( California Rules of Court, Rule 3.221).**

**NOTICE TO CROSS COMPLAINANT'S COUNSEL**
**IMPORTANT:  If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.**

**TERRY MCNALLY**
CLERK OF THE SUPERIOR COURT

Date:  July 12, 2017

By:      *Raquel Sanchez*

Raquel Sanchez, Deputy Clerk

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Stephen D. Schuett as monitoring judge.

Judge Stephen D. Schuett has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Department 4. This will involve all cases in which the clerk has assigned the initials SDS to the complaint at the time of filing. Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Judge Stephen D. Schuett expects that all law and motion hearings to be heard by him/her be set within five (5) days of the earliest date that they may be heard, given mail notice of hearing. **Law and motion matters must be reserved by going to the website address http://kerncourtlink.com for the Kern Courtlink Online Reservation System. The website is available at any time. You may calendar motions as scheduled below. Ex-parte matters require pre-clearance.**

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT. Proper procedures must be complied with under California Rules of Court, Rule 3.670. Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge Stephen D. Schuett. However, those cases that do not settle will be set for trial before him/her.

To confirm any hearing on calendar, for general questions regarding cases assigned to Judge Stephen D. Schuett or to pre-clear an ex-parte hearing, contact the Direct Calendaring Clerk at 661-868-5404. To check on tentative rulings from Judge Chapin or Judge Clark, go to the court's website address "http/www.kern.courts.ca.gov/", after 4:00 pm, and click on tentative rulings. Judge Lampe does **not** offer tentative rulings.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES**

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference report providing the Court with the following information:

1.  The "at-issue" status of the case including any new parties that may be contemplated;
2.  A brief statement of the type of case and the general facts or contentions;
3.  A description of the discovery done to date and that contemplated to be done;
4.  Estimated time for trial and whether a jury is demanded;
5.  Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6.  An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7.  If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8.  A statement of any settlement negotiations undertaken thus far;
9.  The name of the attorney primary responsible for the case on behalf of the party filing the report.

More than one party may join in the filing of a single report.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case.  The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1.  The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2.  Discovery conducted and remaining to be done;
3.  Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4.  Delineation of issues including stipulation of facts not in substantial controversy;
5.  Settlement prospects;
6.  Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7.  Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

# EXHIBIT

# B

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE   EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN KATZAKIAN,<br>Plaintiff,<br><br>        vs.<br><br>CHECK RESOLUTION SERVICE, INC., a corporation; and JIMMY CHEBAT, an individual,<br>Defendant.<br><br>_____ | CASE NO.: 1:10-CV-00716-AWI-GSA<br><br>**AFFIDAVIT  OF TODD M. FRIEDMAN IN SUPPORT OF MOTION TO ENTER DEFAULT JUDGMENT**<br><br>**Hearing Date:  December 17, 2010**<br>**Hearing Time: 9:30 a.m.**<br><br>**(Honorable Gary S. Austin, Dept. 10)** |

### I, TODD M. FRIEDMAN, DECLARE AND STATE AS FOLLOWS:

1.      I am competent to testify in a court of law and if called to do so would testify as specified herein.

2.      I am Plaintiff's attorney in this matter and was retained to represent Plaintiff in a Federal Fair Debt Collections Practices Act ("FDCPA") claim against Defendant.

3.      My office, in an effort to minimize costs, first tried to resolve this matter with Defendant through an informal letter. I received a phone call from an employee of Defendant, wherein Defendant denied any wrongdoing.  After Defendant's denial, my office filed suit against

Defendant and Defendant was served on September, April 26, 2010. Despite being served. Defendant has not answered the Complaint, even though it is still in business. Further, Defendant has moved to a new address and has not updated their address with the New York Department of State.

4. In an attempt to get a response from Defendant, my office amended the complaint to add Defendant's owner, Jimmy Chebat. The process server was unable to serve him at his last known address. (See Summons returned unexecuted attached hereto as Exhibit "A") Thus far, we have been unable to locate a new address for Defendant Chebat.

5. Pursuant to the FDCPA and RFDCPA, Plaintiff is entitled to statutory damages of up to two thousand dollars, attorney fees and court costs if Plaintiff prevails.

6. Defendant's failure to answer the instant complaint, after being given several opportunities to do so, is unjustified.

7. Plaintiff has incurred damages, attorneys fees and court costs in the amount of six thousand ten dollars and zero cents ($6,010.00), representing statutory damages in the amount of two thousand dollars ($2,000.00) (comprised of $2,000 under both the Fair Debt Collection Practices Act, and the Rosenthal Fair Debt Collection Practices Act), 15 U.S.C. §1692(k)(a)(2)(A), Cal Civ Code 1788.32 (Rosenthal FDCPA provides for cumulative recovery. Adams v CIR Law Offices, LLP, 2007 WL 2481550 (S.D. Cal., 2007)). In addition, Plaintiff requests four thousand ten dollars and zero cents ($4,010.00) in attorney fees (which is comprised of two thousand eight hundred seventy-five dollars ($2,875.00) in fees to date, seven hundred fifty dollars ($750.00) anticipated collection fees and costs, and three hundred eighty-five dollars ($385) (15 U.S.C. §1692(k)(a)(3)) for a total of five thousand six thousand ten dollars and zero cents ($6,010.00), inclusive of attorneys' fees and court costs.

8. Attached to this declaration as Exhibit "B" is a copy of my firm's billing records for this action. Although my bill reflects extra time and attorneys' fees due to preparation of this default judgment motion, I will hold the fees previously requested in paragraph 7 of this declaration, which was also requested in Plaintiff's initial Application to enter

Default. I also am not asking for any time to due refilling my application for default due to the clerk's deficiency even though that time is reflected in my billing records.

9. Regarding my rate of $265.00 an hour, I have been a practicing trial attorney admitted to the State Bar of California in December of 2001, and have participated in over 20 jury trials. I have also attached as Exhibit "C" to this declaration, previous court orders from years back, awarding me a higher rate of $324.00 an hour, but, for the purpose of this Default Motion, I merely seek a rate of $265.00 an hour.

10. I am respectfully requesting that this Honorable Court grant Plaintiff's request for additional attorneys' fees for the work in pursuing this matter per the facts outlined in my declaration and the court file in this matter. I had previously also requested additional fees in Plaintiff's initial Application to enter default.

11. Defendant had ignored several requests to resolve this matter before I was forced to file suit, and I gave Defendant several additional chances to resolve the matter in an effort to minimize attorneys' fees and court costs expended.

12. I am of the opinion that allowing a Defendant to violate the FDCPA and ignore its responsibilities to answer a lawsuit with no fear of being liable for the full amount of Plaintiff's attorneys' fees, would contravene Congress' public policy in enacting the FDCPA, which was to provide consumers with free legal representation, when attorneys' fees are to be bourn by the violating debt collector.

13. Regarding liability, in support of Plaintiff's Motion for Default, Plaintiff, Susan Katzakian, has concurrently filed with this Motion to Enter Default, a separate affidavit, outlining Defendant's conduct which gave rise to this action.

14. The defaulting party in this matter is not an infant, nor an incompetent person.

15. The Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply.

16.    Notice of Plaintiff's Application for default has been served on the defaulting party.

I declare under penalty of perjury that the above affidavit is true and correct

**FURTHER AFFIANT SAYETH NAUGHT**

Respectfully submitted this 28th day of October, 2010.

By:  s/Todd M. Friedman
     Todd M. Friedman (216752)
     Law Offices of Todd M. Friedman, P.C.
     tfriedman@attorneysforconsumers.com
     Attorney for Plaintiff

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

SUSAN KATZAKIAN ,

V.                                    **SUMMONS IN A CIVIL CASE**

CHECK RESOLUTION SERVICE, INC. ,

CASE NO:  **1:10−CV−00716−AWI−GSA**

TO:  **Check Resolution Service, Inc.**
Defendant's Address:

**YOU ARE HEREBY SUMMONED** and required to serve on

**Todd M. Friedman**
**Law Offices of Todd M. Friedman, P.C.**
**369 South Doheny Drive, Suite 415**
**Beverly Hills, CA 90211**

an answer to the complaint which is served on you with this summons, within **21** days after
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.  Any answer that you serve
on the parties to this action must be filed with the Clerk of this Court within a reasonable period
of time after service.



**VICTORIA C. MINOR**
_____

CLERK

**/s/  E. Flores**
_____

(By) DEPUTY CLERK

ISSUED ON 2010−04−23 11:32:50.0 , Clerk
USDC EDCA

AO 440 (Rev 12/09 Summons in a Civil Action (Page 2)

Civil Action No.     1:10-CV-00716-AWI-GSA

## PROOF OF SERVICE
*This section should not be filed with the court unless required by Fed. R. Civ. P.4.(l))*

This summons for (name of individual and title, if any)     CHECK RESOLUTION SERVICE, INC.
was received by me on (date)     4/23/2010

☐ I personally served the summons on the individual at (place) _____
_____ on (date) _____ ; or

☐ I left the summons at the indivual's residence or usual place of abode with (name) _____ ; or
_____ , a person of suitable age and discretion who resides there,
on (date) _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on (name of indivdual) _____
who is designated by law to accept service of process on behalf of (name of organization) _____
_____ on (date) _____ ; or

■ I returned the summons unexecuted because_____     Defendant business either moved or
closed and abandoned the business location of 1555 Kenmore Ave, Kenmore NY 14217.  No     ; or
new location could be found.

☐ Other (specify):

My fees are $ _____ for travel and $ _____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true.

Date:   5/5/2010 _____

_____
*Server's signature*

William F. Brown - Process Server
*Printed name and title*

Cannon Legal Support, Inc.
5140 Main St, Unit 303, Buffalo NY 14221
*Server's address*

Additional information regarding attempted service, etc:

| | AGE | WT | HT | HAIR | GENDER | OTHER |
|---|---|---|---|---|---|---|
| **Description of Person served:** | | | | | | |

EXHIBIT B

**TIME ENTRIES: Susan Katzakian v. Check Resolution Service, Inc.**

**Time Entry – 0.5 Hours April 2, 2010**
Received Initial Inquiry re FDCPA Violations; Review, memo to file for appropriate
further action; Friedman, Todd/Attorney

**Time Entry - 0.5 Hours April 2, 2010**
Prepare Initial PNC Package Review and confirm status of Defendant via Secretary of
State Web search; prepare claim specific evidentiary package based on facts known to
date; explain next phase is mutual evidence and investigation; state intention to re-
conference upon earlier of receipt of evidence or ten business days; memo to file;
Friedman, Todd/Attorney

**Time Entry – 0.4 Hours April 2, 2010**
Evidence Received - Review evidence gathered by client and create factual summary;
memo to file to conference with PNC re evaluation; Friedman, Todd/Attorney

**Time Entry - 1.4 Hours April 6, 2010**
Open Actual File and send out Demand letter to Defendant as well as opening
Correspondence to client; review factual summary and prepare notice letter to the
defense; prepare letter to client confirming representation; prepare letter to client with
guidelines and information to follow during case; review client file for documents to send
to the defense, redact any privileged communications; Forward notice to defense and
welcome to client; Research other abuse allegations on Debt Collector; review online
postings regarding blogs and any notable recent suits; quick review local binding law for
new developments; review enter client into database with all relevant information;
prepare amicus precedent to track litigation progress and status; review and revise notice
letter; Telephonic Conference with Client - Evidence confirms actionable claim; Meeting
with client to discuss facts and law, goals and options; review terms of representation and
confirm attorney/client agreement; enter client to Amicus Database; prepare summary of
facts and violations for file; memo to open Amicus litigation file; Friedman,
Todd/Attorney

**Time Entry – 0.2 Hours April 13, 2010**
Received call from Defendant wherein all claims were denied; Calendar to file lawsuit
after discussion with client; Friedman, Todd/Attorney

**Time Entry – 0.2 Hours April 13, 2010**
Status communication to Client; Apprise of current status, confirm status of
evidence/facts; explain and forward most recent follow up with defense; memo to file;
Friedman, Todd/Attorney

**Time Entry - 1.5 Hours April 22, 2010**
Prepare FDCPA Complaint and Case for filing; Review file; prepare draft of complaint and summons with all necessary accompanying paperwork per local rules; prepare letter to client with copy of pleadings; prepare for service; Friedman, Todd/Attorney

**Time Entry - 0.2 Hours April 26, 2010**
Received file-stamped Complaint back from Court; sent to process server with instructions to serve; Friedman, Todd/Attorney

**Time Entry - 0.2 Hours April 30, 2010**
Prepare and file Consent to Magistrate via ECF per local rules Friedman, Todd/Attorney

**Time Entry - 0.2 Hours May 23, 2010**
File proof of service for serving Summons and Complaint on Defendant via ECF; Friedman, Todd/Attorney

**Time Entry – 1.2 Hours July 19, 2010**
Prepare and file Status Report for Upcoming Hearing; advise in report that Defendant has not responded; Friedman, Todd/Attorney

**Time Entry - 0.8 Hours August 4, 2010**
Prepare and file application for default as Defendant has not answered-per order application must be filed by August 20; Friedman, Todd/Attorney

**Time Entry - 0.2 Hours August 4, 2010**
Prepare and fax request to New York State Department of State for Articles of Incorporation regarding Defendant as no answer has been filed; Friedman, Todd/Attorney

**Time Entry - 0.8 Hours August 19, 2010**
Upon receipt of articles of incorporation regarding Defendant, prepared and filed Amended Complaint with name of owner; Friedman, Todd/Attorney

**Time Entry - 0.2 Hours September 10, 2010**
After receiving amended summons from court, send Amended Complaint to process server for service on Defendant; Friedman, Todd/Attorney

**Time Entry - 0.2 Hours September 10, 2010**
After receiving amended summons from court, send Amended Complaint to process server for service on Defendant; Friedman, Todd/Attorney

**Time Entry - 0.2 Hours September 25, 2010**
Received summons returned unexecuted as process server was unable to locate Defendant; Friedman, Todd/Attorney

**Time Entry - 0.2 Hours October 8, 2010**
Called clerk to advise we had still been unable to serve one Defendant, she continues CMC for thirty days; do further research on Defendant but unable to find new address; Friedman, Todd/Attorney

**Time Entry - 0.2 Hours October 14, 2010**
Review file and prepare Affidavit for client; call and email her to discuss; ask her to review and return via fax; Friedman, Todd/Attorney

**Time Entry – 2.2 Hours October 28, 2010**
Prepare Motion to Default, Proposed Order and Affidavit in support thereof after researching local rules and procedures; Review file, confirm date of service and that applicable deadline has lapsed; prepare billing statement of attorneys fees from amicus database; prepare affidavit of Todd M. Friedman in support of Motion to Default; Friedman, Todd/Attorney


**TOTAL TIME – 11.5 HOURS x $265.00 = $3,047.50**

EXHIBIT C

1  Jennifer Basola, Esq. - State Bar # 231538
   Krohn & Moss, Ltd.
2  5055 Wilshire Blvd., Suite 300
   Los Angeles, CA 90036
3  Attorneys for Plaintiff, Julie Sawyer

**(ENDORSED)**

# FILED

NOV 15 2007

KIRI TORRE
Chief Executive Officer/Clerk,
Superior Court of CA/County of Santa Clara
BY_____ DEPUTY

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                              **COUNTY OF SANTA CLARA**
                               **UNLIMITED JURISDICTION**

10  JULIE SAWYER,                          ) . Case No.: 1-04-CV-023811
                                           )
11          Plaintiff,                     )
                                           )  [Honorable Judge Kevin McKenney: Dept. 16]
12      vs.                                )
                                           )  **NOTICE OF RULING RE: PLAINTIFF'S**
13  MERCEDES-BENZ U.S.A., L.L.C.,          )  **MOTION FOR ATTORNEYS FEES AND**
                                           )  **COSTS ON APPEAL**
14          Defendant.                     )
                                           )
15

16  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

17          PLEASE TAKE NOTICE THAT ON October 23, 2007, this Honorable Court heard

18  Plaintiff's Motion for Attorneys' Fees and Costs on Appeal following an appellate decision in

19  favor of the Plaintiff. Counsel for both parties were present at the hearing. Upon review of the

20  Plaintiff's Motion for Attorneys' Fees on Appeal, Defendant's Opposition to Plaintiff's Motion

21  and Plaintiff's Reply brief and upon hearing oral argument from counsel for both parties, the

22  Court ruled as follows:

23          1.      Plaintiff's Motion for Attorneys' Fees and Costs on Appeal is granted in the

24                  amount of $18,245.10;

25

**NOTICE OF RULING**

2.   The Court further finding that the hourly rate of $324.00 for Jennifer Basola is reasonable;

3.   The Court further finding that the hourly rate of $324.00 for Todd Friedman is reasonable;

4.   The Court further finding that the hourly rate of $200.00 for Previn Wick, Tracy Piasecki, Henry Chang and Sheva Mokkaram is reasonable;

5.   The Court further finding that the hourly rate of $120.00 for the law clerks and paralegals is reasonable;

6.   Final judgment on Plaintiff's Motion for Attorneys' Fees and Costs on Appeal is hereby entered in favor of Plaintiff, Julie Sawyer, and against Defendant, Mercedes-Benz U.S.A., L.L.C., in the amount of $18,245.10, which is comprised of $14,790.00 in attorneys' fees and $3,455.10 to Krohn & Moss, Ltd.

DATED:    October 30, 2007              KROHN & MOSS, LTD.


By:_____
   Jennifer Basola, Esq. Attorney for
   Plaintiff, Julie Sawyer

**NOTICE OF RULING**

causation to be rendered by plaintiffs' designated anesthesiologist, Zakowski, anesthesiologist Mills, and plaintiffs' supplementally designated toxicologist/pharmacologist Spiehler.

---

**Case Number:** KC045799    **Hearing Date:** July 24, 2006    **Dept:** R

Isip v. Mercedes-Benz USA, LLC (KC045799)

Plaintiff Isip's MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

Respondent: Defendant Mercedes-Benz USA, LLC

Plaintiff Isip's motion for attorneys' fees and litigation expenses is GRANTED in part; DENIED in part. (Civ. Code 1794; 15 USC 2301.)

Attorneys' fees and costs are granted as prayed, but request for fee enhancement is denied.

Song-Beverly: If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, INCLUDING ATTORNEY'S FEES BASED ON ACTUAL TIME EXPENDED, determined by the court to have been REASONABLY INCURRED BY THE BUYER in connection with the commencement and prosecution of such action. (Civ. Code 1794(d).)

Magnuson-Moss: If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (INCLUDING ATTORNEYS' FEES BASED ON ACTUAL TIME EXPENDED) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." (15 USC 2310(d).)

Civ. Code 1794(d) requires the trial court to make an initial determination of attorney fees based on the ACTUAL TIME EXPENDED and then to ascertain whether under all the circumstances of the case the amount of ACTUAL TIME EXPENDED AND THE MONETARY CHARGE BEING MADE FOR THE TIME EXPENDED ARE REASONABLE. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount. (Nightingale v Hyundai Motor America (1994) 31 Cal App 4th 99, 104-105.)

To enable the trial court to determine whether attorney fees should be awarded and in what amount, an attorney should present: (1) evidence, documentary and oral, of the services actually performed; and (2) expert opinion, by the applicant and other lawyers, as to what would be a reasonable fee for such services. (Martino v. Denevi (1986) 182 Cal. App. 3d 553, 558-59.) In many cases, however, the trial court will be aware of the nature and extent of the attorney's services from its

observation of the trial proceedings and the pretrial and discovery proceedings reflected in the file. (Id. at 559.) In California, testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records. (Id.)

Defendant contends that attorney fees must be "incurred by the buyer." Nightingale v Hyundai Motor America held that the portion of the attorney fee award that resulted from higher hourly rates for which respondent was neither billed nor under any obligation to pay could not be recovered. (Nightingale v Hyundai Motor America (1994) 31 Cal App 4th 99.) Thus, Defendant reasons that because Plaintiff had a contingency arrangement, she would not have incurred $51,765.50 because her award was only $20,000.00. However, Nightingale v Hyundai Motor America did anticipate the problem posed by its decision in contingency fee situations. There, the court opined, "It should be noted, unlike the case at bench, there may be situations in which there is a CONTINGENT FEE AGREEMENT... In those situations, for purposes of section 1794(d), a prevailing buyer represented by counsel is entitled to an award of REASONABLE ATTORNEY FEES FOR TIME REASONABLY EXPENDED BY HIS OR HER ATTORNEY. (Nightingale v Hyundai Motor America (1994) 31 Cal App 4th 99, 104-105.)

Guided by Nightingale v Hyundai Motor America, and after reviewing plaintiff's evidentiary submissions and weighing the relevant factors, this court finds that the fees requested are reasonable and have been "reasonably expended" by Plaintiff's attorneys. Together, counsels tried to verdict 23 cases in the area of lemon law and breach of warranty and have participated in mediations and arbitrations on behalf of hundreds of consumes in California and Illinois. Further, their rates were deemed reasonable in Julie Sawyer v. Mercedes, which involved identical cases of action and the same defendant. Counsel has submitted a declaration attesting to other rates charged by litigators in the field, which ranges from $300-$400 per hour. The court finds counsels' rate of $324 to be reasonable. Further, counsel has attested that he expended 89.9 hours on this matter (Reply, Friedman Decl, 2-3) and that Exhibit D reflects time records of other attorneys and clerks who performed services in connection with the case (Motion, Friedman Decl, 13.)

APPORTIONMENT: Where the issues are so interrelated that it is impossible to separate them into claims for which fees are and are not awardable, no apportionment need be made. (LeVine v. Weis (2001) 90 Cal. App. 4th 201, 214.) Attorneys fees need not be apportioned between distinct causes of action where plaintiff's various claims involve a common core of facts or are based on related legal theories. (Drouin v. Fleetwood Enterprises (1985) 163 Cal.App.3d 486).

All of plaintiff's causes of action were related to the purchase of the vehicle from defendant and her subsequent efforts to obtain repairs of its defects. Thus, both the Maguson-Moss and Song-Beverly counts involve a common core of facts and are based on related legal theories. The court declines to apportion the fees.

MULTIPLIER: Levy v. Toyota Motor Sales, USA, Inc. (1992) 4 Cal.App.4th 807, 814 is the only published decision on the lodestar method for lemon law fee awards and it expressly rejected the multiplier.

Plaintiff relies on Ketchum v. Moses, but that case arose under the SLAPP statute where the court specifically opined that a fee enhancement for contingent risk "is to bring the financial incentives for attorneys enforcing important constitutional rights, such as those protected under the anti-SLAPP provision." (Ketchum v. Moses (2001) 24 Cal.4th 1122.) These fundamental constitutional rights are not present here. Accordingly, this court declines to exercise fee enhancement under the

Filed electronically on this 28th day of October, 2010, with:

United States District Court CM/ECF system

Notification sent via ECF on this 28th day of October, 2010, to:

Honorable Gary S. Austin
United States District Court
Eastern District Court of California

A copy has been mailed on this 28th day of October, 2010, to:

Check Resolution Service, Inc.
Attn: Legal Dept.
1555 Kenmore Ave
Kenmore, NY, 14217


s/Todd Friedman
    Todd Friedman

# EXHIBIT

# C

**Alex Padilla**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, August 9, 2017. Please refer to document Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

**C0246360   AT&T CORP.**

| | |
|---|---|
| Registration Date: | 06/26/1950 |
| Jurisdiction: | NEW YORK |
| Entity Type: | FOREIGN STOCK |
| Status: | ACTIVE |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| | 818 W 7TH ST STE 930 |
| | LOS ANGELES CA 90017 |
| Entity Address: | ONE AT&T WAY |
| | BEDMINSTER NJ 07921-0752 |
| Entity Mailing Address: | ONE AT&T WAY |
| | BEDMINSTER NJ 07921-0752 |

A Statement of Information is due EVERY year beginning five months before and through the end of June.

| Document Type | File Date | PDF |
|---|---|---|
| SI-COMPLETE | 05/19/2017 | |
| SI-COMPLETE | 05/17/2016 | |
| PUBLICLY TRADED DISCLOSURE | 07/12/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/03/2005 | |
| PUBLICLY TRADED DISCLOSURE | 09/15/2003 | Image unavailable. Please request paper copy. |
| AMENDED REGISTRATION | 05/12/1994 | Image unavailable. Please request paper copy. |
| AMENDMENT | 10/15/1984 | |
| AMENDMENT | 09/20/1984 | |
| AMENDMENT | 10/24/1978 | |

Case 1:17-cv-01095-DAD-JLT   Document 1-1   Filed 08/14/17   Page 35 of 35

| Document Type | File Date | PDF |
|---|---|---|
| AMENDMENT | 06/18/1975 | Image unavailable. Please request paper copy. |
| AMENDMENT | 05/18/1966 | Image unavailable. Please request paper copy. |
| AMENDMENT | 08/03/1964 | |
| AMENDMENT | 06/07/1957 | |
| REGISTRATION | 06/26/1950 | Image unavailable. Please request paper copy. |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- If the image is not available online, for information on ordering a copy refer to Information Requests.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Frequently Asked Questions.

| Modify Search | New Search | Back to Search Results |