UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA FIGUEROA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AT&T CORP.; DOES 1-10 inclusive,<br><br>　　　　Defendants. | No. 1:17-cv-01095-DAD-JLT<br><br>ORDER GRANTING DEFENDANT'S UNOPPOSED PARTIAL MOTION TO DISMISS<br><br>(Doc. No. 9) |

On September 19, 2017, defendant AT&T Corp. ("defendant") filed a partial motion to dismiss (Doc. No. 9-1) plaintiff Alicia Figueroa's ("plaintiff") first amended complaint ("FAC") (Doc. No. 7). Thereafter, plaintiff filed a statement of non-opposition to the motion. (Doc. No. 10.) Pursuant to Local Rule 230(g), the court vacated the hearing scheduled for October 17, 2017. (Doc. No. 11.) Defendant's unopposed motion to dismiss will be construed as a motion to strike and granted, with identified paragraphs of plaintiff's FAC being stricken.

In her FAC, plaintiff asserts that two written communications she received from defendant constitute violations of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (the "CFDCPA") and the California Identity Theft Act, California Civil Code § 1798.92 *et seq.* (the "CITA"). (Doc. No. 7.) In her FAC, plaintiff alleges that defendant furnished credit information about plaintiff to credit reporting agencies that it knew to

1

be false and that defendant continued reporting such information on plaintiff's credit reports after failing to conduct an investigation into plaintiff's identity theft claims. (*Id.* at ¶¶ 14, 22.)

The Fair Credit Report Act ("FCRA") preempts all state law claims relating to a defendant communicating consumer credit information to a credit reporting agency. *See* 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . § 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."). Section 1681s-2 regulates the duty of furnishers to provide accurate information upon notice of dispute and provides as follows:

> (A) Reasonable procedures
>
> A person that furnishes information to any consumer reporting agency shall have in place reasonable procedures to respond to any notification that it receives from a consumer reporting agency under section 1681c-2 of this title relating to information resulting from identity theft, to prevent that person from refurnishing such blocked information.
>
> (B) Information alleged to result from identity theft
>
> If a consumer submits an identity theft report to a person who furnishes information to a consumer reporting agency at the address specified by that person for receiving such reports stating that information maintained by such person that purports to relate to the consumer resulted from identity theft, the person may not furnish such information that purports to relate to the consumer to any consumer reporting agency, unless the person subsequently knows or is informed by the consumer that the information is correct.

In any event, "to the extent [a CFDCPA] claim relates to credit reporting, it is preempted by the FCRA." *Peters v. Discover Bank*, 649 F. App'x 405, 408 (9th Cir. 2016)[1]; *see also Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d. 1222, 1233 (C.D. Cal. 2007) (finding that CFDCPA claim regarding credit furnishing conduct was preempted by the FCRA).

Here, plaintiff presents claims in her FAC that are preempted because they seek to enforce duties with respect to providing accurate information to credit reporting agencies, an area regulated by § 1681s-2 of the FCRA. Defendant has moved to "dismiss with prejudice the

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

portion of Plaintiff's FAC that is based on Defendant's alleged furnishing of information to credit reporting agencies." (Doc. No. 9-1 at 5.) The court finds it more appropriate to construe defendant's motion as one seeking to strike certain allegations from the FAC, since defendant has not moved to dismiss either one of plaintiff's two claims in their entirety. *See* Fed. R. Civ. P. 12(f) (permitting courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous material"); *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.").

Accordingly,

1. Defendant's unopposed partial motion to dismiss plaintiff's FAC (Doc. No. 9-1) is construed as a motion to strike allegations based on alleged furnishing of information to credit reporting agencies;
2. Paragraphs 14 and 22 are stricken from plaintiff's FAC (Doc. No. 7 at ¶¶ 14, 22).

IT IS SO ORDERED.

Dated: **May 15, 2018**

_____
UNITED STATES DISTRICT JUDGE